UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

      - v. -

ANTHONY RODRIGUEZ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER

15 Cr. 076 (VM)

WHEREAS, with the defendant's consent, his guilty plea allocution was taken before a United States Magistrate Judge on November 30, 2015;

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED:

Dated: New York, New York
     9 December 2015

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/15

FBUJRODP                     Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                              15 Cr. 76 VM SN

5   ANTHONY RODRIGUEZ,

6               Defendant.

7   ------------------------------x

8

9                                    November 30, 2015
                                     11:17 a.m.
10

11

12  Before:

13                    HON. SARAH NETBURN,

14                                    U.S. Magistrate Judge

15

16                    APPEARANCES

17

18  PREET BHARARA,
         United States Attorney for the
19       Southern District of New York
    ALEX ROSSMILLER,
20       Assistant United States Attorney

21

22  JASON RICHLAND,
         Attorney for defendant Rodriguez
23

24

25

FBUJRODP                    Plea

1          (In open court)

2          (Case called)

3          THE COURT:  Good morning, everybody.  Please be

4    seated.  Good morning, Mr. Rodriguez.  My name is Judge

5    Netburn.

6          Mr. Rodriguez, I have before me a Consent to Proceed

7    Before a United States Magistrate Judge on a Felony Plea

8    Allocution that you have signed.  What this form says is

9    knowing you have the right to have this plea taken by a United

10   States District Judge, are agreeing to have this plea taken by

11   me, a United States Magistrate Judge.  Is that correct?

12          THE DEFENDANT:  Correct.

13          THE COURT:  Before you signed this form, did your

14   lawyer explain it to you?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  It is accepted.

17          I have before me an indictment.  It charges you with

18   one count of conspiracy to distribute narcotics, in violation

19   of Title 21 of the United States Code, Section 846.  I

20   understand that you have decided to change your plea and enter

21   a plea of guilty as to certain charges.  That is correct?

22          THE DEFENDANT:  Correct.

23          THE COURT:  Before deciding whether to accept your

24   guilty plea, I am going to ask you certain questions.  It is

25   very important that you answer these questions honestly and

FBUJRODP                    Plea

1   completely.  The purpose of these proceedings is to make sure

2   that you understand your rights, to decide whether you are

3   pleading guilty of your own free will, and to make sure you are

4   pleading guilty because are guilty and not for some other

5   reason.  Do you understand what I am sawing?

6           THE DEFENDANT:  Yes, ma'am.

7           THE COURT:  If you don't understand any of these

8   questions or at any time you want to consult with your

9   attorney, please say so because it is important that you

10  understand every question before you answer it.

11          Will you do that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Will you swear the defendant.

14          (The defendant was duly sworn)

15          THE COURT:  Mr. Rodriguez, what is your full name?

16          THE DEFENDANT:  Anthony William Rodriguez.

17          THE COURT:  How old are you?

18          THE DEFENDANT:  24.

19          THE COURT:  Are you a United States Citizen?

20          THE DEFENDANT:  Yes.

21          THE COURT:  How far did you go in school?

22          THE DEFENDANT:  I completed my GED.

23          THE COURT:  You completed your GED?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Are you currently or have you recently

FBUJRODP                    Plea

1    been under the care of a doctor or a psychiatrist for any

2    reason?

3              THE DEFENDANT:  A doctor, yes.

4              THE COURT:  For medical condition?

5              THE DEFENDANT:  Yes, I have a tumor on my spinal cord.

6              THE COURT:  Are you taking any medication -- sorry to

7    hear that -- are you taking any medication or pills or

8    undergoing any treatment that affects your memory or your

9    ability to answer my questions honestly and completely?

10             THE DEFENDANT:  No.

11             THE COURT:  Other than the medication that you may be

12   taking for that treatment, have you consumed any mind-altering

13   drugs, medicine or pills or any alcohol in the last 24 hours?

14             THE DEFENDANT:  No.

15             THE COURT:  Is your mind clear today?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand what is going on in

18   these proceedings?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Does either counsel have any objection to

21   the defendant's competence to enter a guilty plea at this time?

22             MR. ROSSMILLER:  No, your Honor.

23             MR. RICHLAND:  No, your Honor.

24             THE COURT:  Sir, have you received a copy of the

25   written version of the charges against you in this case known

FBUJRODP                        Plea

1   as the indictment?

2                THE DEFENDANT:  Yes, ma'am.

3                THE COURT:  Have you read it?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Do you understand what it says?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Do you understand that you have been

8   charged generally with a felony offense for conspiracy to

9   distribute narcotics, in violation of Title 18 of the United

10  States Code, Section 846?

11               And that specifically you have been charged with

12  distributing, or possessing with intent to distribute, one

13  kilogram or more of mixtures and substances containing a

14  detectable amount of heroin, in violation of Title 21 of the

15  United States Code, Section 841 (b)(1)(A), and five kilograms

16  or more of substances containing a detectable amount of

17  cocaine, in violation of Title 21 of the United States Code,

18  Section 841 (b)(1)(A).  Is that correct?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Have you had time to talk to your attorney

21  about these charges and about how you wish to plead?

22               THE DEFENDANT:  Yes, I did.

23               THE COURT:  Have you discussed with him the charges

24  against you, including the charge you intend to plead guilty to

25  as well as any other charges in the case?

FBUJRODP                  Plea

1            THE DEFENDANT:  Yes.

2            THE COURT:  Has he told you the consequences of

3    pleading guilty?

4            THE DEFENDANT:  Yes.

5            THE COURT:  You are you satisfied with your attorney's

6    representation of you?

7            THE DEFENDANT:  Yes.

8            THE COURT:  I am now going to explain certain

9    constitutional rights that you have.  These are rights that you

10   will be giving up if you enter a guilty plea.  Please listen

11   carefully to what I am about to to say.  If you don't

12   understand something, please stop me and your attorney or I

13   will explain the matter more fully, okay?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Under the Constitution and the laws of the

16   United States, you have the right to plead not guilty to the

17   charges contained in this indictment.  Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If you pled not guilty, you would be

20   entitled under the Constitution to a speedy and public trial by

21   a jury of those charges.  At that trial you would be presumed

22   innocent, and the government would be required to prove you

23   guilty beyond a reasonable doubt before you could be found

24   guilty.  That means you would not have to prove that you were

25   innocent and you would not be convicted unless a jury of twelve

FBUJRODP                    Plea

1    people agreed unanimously that you are guilty beyond a

2    reasonable doubt.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  If you decide to go to trial, at that

5    trial and at every stage of your case you would have the right

6    to be represented by an attorney.  If you cannot afford an

7    attorney, one would be appointed to represent you at the

8    government's expense and at no cost to you.

9              If you have retained counsel and ran out of money, an

10   attorney would be appointed to continue to represent you.  If

11   an attorney is appointed, that attorney is appointed to handle

12   your case all the way through trial and not just for a guilty

13   plea, so your decision to plead guilty here today should not

14   depend on whether you can afford to hire an attorney.  Do you

15   understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  During the trial, the witnesses for the

18   prosecution would have to come to court and testify in your

19   presence, where you could see and hear them and your lawyer

20   could cross-examine those witnesses.

21             If you wanted, your lawyer could offer evidence on

22   your behalf.  You would be able to use the court's power to

23   compel witnesses to come to court and testify in your defense

24   even if they did not want to come.  Do you understand that?

25             THE DEFENDANT:  Yes.

FBUJRODP                    Plea

1    THE COURT:  At a trial you would have the right to

2    testify in your own defense if you wanted to, but you would

3    also have the right not to testify, and if you chose not to

4    testify, that could not be used against you in any way and no

5    inference or suggestion of guilt could be made from the fact

6    you did not testify.  Do you understand that?

7                THE DEFENDANT:  Yes.

8    THE COURT:  If you were convicted at trial, you would

9    have the right to appeal that verdict to a higher court.  Do

10   you understand that?

11               THE DEFENDANT:  Yes.

12   THE COURT:  As I said before, you have the right to

13   plead not guilty.  Even right now even as you sit here today

14   for the purposes of entering a guilty plea, you have the right

15   to change your mind, persist in your not guilty plea and

16   proceed to trial.  If you do plead guilty, and I accept your

17   plea, you will give up a trial and all of the other rights I

18   have just described.  If you plead guilty, there will be no

19   trial.  All that will remain to be done will be to impose a

20   sentence.

21           You and the government will have a chance to make

22   arguments what that sentence should be, but there will not be

23   any further trial to determine whether you are guilty or not

24   guilty of the charge to which you pled guilty.  Do you

25   understand that?

FBUJRODP                    Plea

1           THE DEFENDANT:  Yes.

2           THE COURT:  Do you understand the decision as to the

3    appropriate sentence in your case will be entirely up to the

4    sentencing judge and that that judge will be limited only by

5    what the law requires.  This means even if you are surprised or

6    disappointed by your sentence, you will still be bound by your

7    guilty plea.  Do you understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Finally, if you do plead guilty, you are

10   giving up the right not to incriminate yourself, and I will ask

11   you questions about what you did in order to satisfy myself

12   that you are actually guilty.  By pleading guilty, you will be

13   admitting your factual as well as legal guilt.  Do you

14   understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  You said earlier you read the indictment

17   containing the charges against you and that you understand what

18   those charges are.

19          I am now going to ask the Assistant United States

20   Attorney to state the elements of those charges.  The elements

21   are the things that the government would have to prove beyond a

22   reasonable doubt if the case were to proceed to trial.

23          MR. ROSSMILLER:  The government would have to prove at

24   trial that in violating Title 21, Section 846, the defendant

25   between February 2014 and February 2015 agreed with others to

FBUJRODP                    Plea

1   violate the drug laws of the United States and did so in the

2   Southern District of New York.

3            THE COURT:  As I understand, in this charge the

4   defendant is intending to plead guilty with respect to

5   distribution, and possession with intent to distribute, of

6   cocaine and as a result, for his plea that he will not be

7   further criminally prosecuted for possession or distribution of

8   oxycodone during the same time period.

9            Is that correct?

10           MR. ROSSMILLER:  Your Honor, I think that might have

11  been a typo.  The original indictment included a mention of

12  heroin and cocaine.  I thought that we had -- I realize we have

13  a typo in the plea agreement that I thought was corrected.

14           THE COURT:  It looks like I have two plea agreements

15  with the same date.  It makes it a little bit confusing.  The

16  one everybody has signed does indicate that it is -- let's see

17  here.  It says that Count 1 charges him with possession of

18  cocaine, in violation of 841 (b)(1)(C), and in Paragraph 3 it

19  says in consideration for his plea, he will not be further

20  prosecuted for conspiracy to distribute, and possess with

21  intent to distribute, cocaine during the same period of time.

22           It very well may be I am not following something, but

23  I am not following something.

24           MR. ROSSMILLER:  Your Honor, I think we, my office may

25  have sent the court an agreement that had that typo in it

FBUJRODP                Plea

1   originally.  We did replace it I think in a subsequent e-mail

2   and also replaced it in the version that was signed by the

3   defendant and defense counsel today and for which there is

4   another, there should be another original copy.  I believe

5   unless I am --

6           THE COURT:  Can you explain to me, even looking at the

7   copy that was signed, it indicates that, it looks like, appears

8   he is being charged with conspiracy to possess, with intent to

9   distribute, cocaine.  Then in consideration for the plea, he is

10  not going to be further prosecuted for cocaine?

11          It seems a little bit unusual.  Are there two drugs at

12  issue in this charge?

13          MR. ROSSMILLER:  There were originally cocaine and

14  heroin, your Honor.  I think my understanding is we generally

15  included he won't be prosecuted for any other or additional

16  involvement other than what he is pleading guilty to today.

17          THE COURT:  Is he going to be --

18          MR. RICHLAND:  Your Honor, I think it is my -- it is

19  getting tricky here.  First I hope you can accept my

20  representation there is no involvement in oxycodone, which is

21  what you originally read, which leads me to believe you have an

22  outdated copy of the plea agreement.  I have another one here.

23          THE COURT:  I have the one everyone signed, so I

24  assume this is the correct one.

25          MR. RICHLAND:  That sounds about right.  I have four

FBUJRODP                    Plea

1    copies of the same here.  The plea agreement is a weight limit

2    basically to give a plea to (b)(1)(C) instead of (b)(1)(A),

3    (b)(1)(A) being mandatory minimum and (b)(1)(C) having none.

4            Maybe the government's language is a little bit

5    confusing, but I think the agreement is to not further

6    prosecute for any additional cocaine beyond what has been

7    agreed upon.

8            THE COURT:  Beyond the (b)(1)(C) weight?

9            MR. ROSSMILLER:  That is my understanding as well.

10           THE COURT:  Heroin was never an issue?

11           MR. ROSSMILLER:  Correct, your Honor.

12           MR. RICHLAND:  Heroin may have been an issue at some

13   point earlier in the case, but as of now, it is no longer an

14   issue.

15           THE COURT:  Is there any risk he will be further

16   prosecuted for the heroin charged in the indictment?

17           MR. ROSSMILLER:  I don't believe the government or the

18   defense believes there is any risk of that, your Honor.

19           MR. RICHLAND:  I think this plea is in full

20   satisfaction of Indictment 15 Cr. 76.

21           THE COURT:  Okay.

22           MR. ROSSMILLER:  Thank your Honor.

23           THE COURT:  If it is on the record that is the case,

24   then I will accept that.  I am sorry, Mr. Rodriguez, but I

25   wanted to make sure we understood exactly what is going on

FBUJRODP                    Plea

1   here.  This is obviously very important.

2              THE DEFENDANT:  Understood.

3              THE COURT:  The Assistant just set forth the elements

4   of the charge.  What I want to do now is explain to you the

5   maximum possible penalty for that crime.

6         The maximum means the most that could possibly be

7   imposed.  It does not necessarily mean this is what you will

8   receive, but you have to understand by pleading guilty here

9   today, you are exposing yourself to any combination of

10  punishments up to the maximum I am about to describe.

11             Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  The maximum term of imprisonment for this

14  crime is 20 years, followed by a maximum term of supervised

15  release of life, and there is a mandatory-minimum term of

16  supervised release for three years.

17             "Supervised release" means if you're sentenced to

18  prison and thereafter released from prison, you may be subject

19  to supervision by the Probation Office.  You should understand

20  if you are placed on supervised release and thereafter violate

21  any of the terms or conditions of that release, the District

22  Judge may revoke the term of supervised release previously

23  imposed and return you to prison without giving you any credit

24  for the time you spent on post-release supervision.

25             Do you understand that?

FBUJRODP                    Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  In addition to these restrictions on your

3     liberty, the maximum possible penalty also includes certain

4     financial penalties.  In this case, the maximum possible

5     financial penalty is the greatest of $1 million or twice what

6     was made by the criminal activity or twice what someone other

7     than yourself lost because of the criminal activity.

8          In light of the severity of that possible fine, it may

9     seem trivial to mention it, but I am required to law to tell

10    you there is also a mandatory minimum fine or special

11    assessment of $100.00 that must be imposed for the count of

12    conviction.  Has anyone threatened you or coerced you in any

13    way to get you to plead guilty?

14         THE DEFENDANT:  No.

15         THE COURT:  Has anyone other than the prosecution

16    promised or offered you anything to get you to plead guilty?

17         THE DEFENDANT:  No.

18         THE COURT:  I understand there is an agreement between

19    you and the government concerning this plea.  Is that correct?

20         THE DEFENDANT:  Correct.

21         THE COURT:  Did you sign this agreement?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Did you read it before you signed it?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand its terms?

FBUJRODP                    Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  It appears that you and the government

3     have agreed as to the appropriate calculations of your sentence

4     under the sentencing guidelines.  Is that correct?

5          THE DEFENDANT:  Correct.

6          THE COURT:  You have agreed that the appropriate

7     stipulated guidelines range is between 15 to 21 months

8     imprisonment.  Is that correct?

9          THE DEFENDANT:  Correct.

10          THE COURT:  You understand that in this agreement, you

11     provide that neither party will seek a departure or an

12     adjustment pursuant to the guidelines of that range.  Do you

13     understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  The parties, however, may seek a sentence

16     outside of the stipulated guidelines range based on the

17     sentencing factors that the court is required to consider in

18     imposing your sentence.  Do you understand that as well?

19          THE DEFENDANT:  Yes.

20          THE COURT:  In addition, I understand you and the

21     government have stipulated that the appropriate fine range is

22     between $3,000 to $1 million.  Is that correct?

23          THE DEFENDANT:  Correct.

24          THE COURT:  In this agreement you have also agreed

25     that you will admit to the forfeiture allegation with respect

FBUJRODP                    Plea

1      to Count 1 of the indictment.  Is that correct?

2              THE DEFENDANT:  Correct.

3              THE COURT:  Therefore, you have agreed to forfeit to

4      the United States any and all property constituting the

5      proceeds that you obtained, either directly or indirectly, from

6      the charge described in Count 1.  Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  In addition, in this agreement you have

9      limited in certain respects your ability to appeal from your

10     conviction.  Specifically, you have agreed you will not file a

11     direct appeal, bring a collateral challenge, sometimes called a

12     habeas motion, or seek an application for a sentence

13     modification pursuant to Title 18 of the United States Code,

14     Section 3582 (c) of any sentence that is within or below the

15     guidelines range of 15 to 21 months imprisonment.  Do you

16     understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  You have also agreed that you will not

19     appeal any term of supervised release that is less than or

20     equal to the statutory maximum of life, that you will not

21     appeal any fine that is less than or equal to $1 million.  Do

22     you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  In this agreement the government has

25     agreed that it will not file a prior felony information and

FBUJRODP              Plea

1   that at the time of sentencing, it will dismiss any open counts

2   against the defendant.  Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  There was another paragraph in this

5   agreement that was something I haven't seen before, so I just

6   want to make sure you're aware of it.  It is a provision that

7   is set forth on Page 3 of the agreement that provides that if

8   you seek to qualify for relief from the mandatory sentencing

9   provisions of Title 21, pursuant to Title 18 of the United

10  States Code, Section 3553 (f), and any information that is

11  obtained as a result of that application would support a higher

12  guidelines range, then the government will not be bound by the

13  above-referenced stipulation regarding the appropriate

14  sentencing range and may offer into evidence information to

15  support a different guidelines range.  I want to make sure that

16  you're aware of that.  I haven't seen that before.

17             MR. ROSSMILLER:  I can explain that.

18             It is my understanding that paragraph is included for

19  defendants who may apply for the safety valve, so-called safety

20  valve provision, but haven't done so.  In other words, if a

21  defendant were to come in and attempt to receive the two-point

22  reduction under the safety valve, and their drug quantity would

23  go up significantly if when proffered about their involvement,

24  the new guidelines range would be subject to an increased

25  amount of drugs despite the reduction of the two sentencing

FBUJRODP                    Plea

1   guideline points.

2          THE COURT:  I never seen this before.

3          MR. ROSSMILLER:  It is a little unusual, but it is

4   there for cases like this.

5          THE COURT:  I want to make sure Mr. Rodriguez

6   understands that.

7          MR. RICHLAND:  I just discussed it with Mr. Rodriguez.

8   I have not seen it.  He is not going to safety valve anway.  I

9   don't think it will make a difference.  It is my understanding

10  that he does understand it.

11         THE COURT:  Mr. Rodriguez, are there any questions or

12  do you want to speak to your attorney?

13         THE DEFENDANT:  No.

14         THE COURT:  I want to make sure everybody understands

15  what is going on here.

16         Mr. Rodriguez, the most important thing that you

17  understand is that the terms of this agreement, including any

18  recommendations or calculations related to sentencing, are not

19  binding on the sentencing judge and that the court may reject

20  those recommendations without permitting you to withdraw your

21  guilty plea and then may impose a more severe sentence.

22         Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The sentencing judge is required to make

25  his own independent calculations under the sentencing

FBUJRODP                    Plea

1    guidelines and then impose a sentence based on what he believes

2    is the appropriate sentence for you even if that sentence is

3    different than the one set forth in this agreement.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  In determining that sentence, the court

7    will consider, in addition to the guidelines, any possible

8    departures from the guidelines, all of the factors set forth in

9    our sentencing statute found in Title 18 of the United States

10   Code, Section 3553 (a).  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  In addition, the court will consider the

13   presentence report prepared by the Probation Department in

14   advance of your sentencing.  Before you are sentenced, you and

15   the government will have an opportunity to challenge the facts

16   set forth in that report.

17             Sir, now that you have been advised of the charges

18   against you, the possible penalties you face and the rights you

19   are giving up, is it still your intention to plead guilty to

20   Count 1 of the indictment?

21             THE DEFENDANT:  Yes.

22             THE COURT:  With respect to Count 1 of the indictment,

23   how do you plead?

24             THE DEFENDANT:  Guilty.

25             THE COURT:  Can you tell me in your own words what you

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

FBUJRODP                    Plea

1  did to make you believe you are guilt of that charge.

2          THE DEFENDANT:  Yes.  I along with others agreed to

3  sell cocaine in the Southern District between February 2014 to

4  February 2015, knowing it was illegal to do so in the Southern

5  District of New York.

6          THE COURT:  You just read from a prepared statement.

7          I want confirm everything that you said is true and

8  complete?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Is there anything else you'd like to tell

11  me?

12          THE DEFENDANT:  No.

13          THE COURT:  Does the government have any questions it

14  would like me to ask the defendant?

15          MR. ROSSMILLER:  No.

16          THE COURT:  Do you believe that is a sufficient plea

17  for the conviction?

18          MR. ROSSMILLER:  I do, your Honor, yes.

19          THE COURT:  Mr. Rodriguez, on the basis of your

20  responses to my questions and my observation of your demeanor,

21  I find you are competent to enter a guilty plea.  I understand

22  you understand your rights, including your right to go to

23  trial, that you're aware of the consequences of your plea,

24  including the sentence that may be imposed, that you are

25  voluntarily pleading guilty and you have admitted you're guilty

FBUJRODP                    Plea

1 · as charged in Count 1 of the indictment.

2          For these reasons, I will recommend that District

3 Judge Marrero accept your plea of guilty as to Count 1 of the

4 indictment.  I assume the government will order a copy of the

5 transcript and submit it to Judge Marrero so he may act on my

6 recommendation?

7          MR. ROSSMILLER:  Yes.

8          THE COURT:  Has he set a sentencing date?

9          MR. ROSSMILLER:  He has not, but we expect to set it

10 in early March.

11          THE COURT:  Do you need a control date?

12          MR. ROSSMILLER:  That will be fine.

13          MR. RICHLAND:  That will be fine.

14          THE COURT:  Why don't I give you a date in early

15 March.

16          MR. ROSSMILLER:  Let me correct that.  Early April.  I

17 did my math wrong.

18          THE COURT:  Early April, I'll set it for the 8th,

19 which is a Friday.  I'll direct the presentence report be

20 prepared.  Will you deliver the case summary for the purposes

21 of the presentence report to Probation within 14 days?

22          MR. ROSSMILLER:  Yes.

23          THE COURT:  Counsel, can you and your colleague be

24 available to be interviewed by Probation within the next 14

25 days?

FBUJRODP                    Plea

1          MR. RICHLAND:  Yes.

2          THE COURT:  Is there any objection to continuing the

3    present bail?

4          MR. ROSSMILLER:  No.

5          THE COURT:  Mr. Rodriguez, all of the conditions you

6    have released on up till now continue apply.  Violation of

7    those conditions can have serious consequences, including

8    revocation of bail and prosecution for bail jumping.  Do you

9    understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  If you commit a crime while released on

12   bail, that may lead to a more severe sentence if you get caught

13   committing the same crime at a different time.  If you commit a

14   crime or violate your plea agreement in any way, you will be

15   subject to revocation by the government of your plea agreement,

16   with all of the consequences described in that agreement.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Is there anything further from either

20   snide?

21          MR. ROSSMILLER:  No, your Honor.

22          MR. RICHLAND:  No, your Honor.

23          THE COURT:  Thank you.

24          (Court adjourned)

25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2015

**BY HAND**

The Honorable Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007

     **Re:**    ***United States* v. *Anthony Rodriguez*, 15 Cr. 076 (VM)**

Dear Judge Marrero:

     The Government respectfully submits this letter to request that the Court accept the guilty plea of the above-captioned defendant.  The defendant pled guilty in front United States Magistrate Judge Sarah Netburn on November 30, 2015.  Copies of the transcript of that proceeding, as well as a proposed Order, are attached hereto.

                     Respectfully submitted,

                     PREET BHARARA
                     United States Attorney

By:         _____
                     Alex Rossmiller
                     Assistant United States Attorney
                     (212) 637-2415

cc.  David Fisher, Esq., counsel to defendant (via Email)